# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IVAN D. FOSTER,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**VIRTUA HOSPITAL,** *et. al.*,<br><br>     **Defendants.** | Case No. 22–cv–02340–ESK–EAP<br><br><br>**OPINION AND ORDER** |

     **THIS MATTER** having come before the Court on plaintiff Ivan D. Foster's request to reopen the case (ECF No. 15) and the Court having reopened the case and provided plaintiff with 30 additional days to effectuate service (ECF No. 16); and the Court finding:

     1.    On April 22, 2022, plaintiff filed suit alleging deprivation of his civil rights under the United States and New Jersey Constitutions. (ECF No. 1.) Plaintiff alleges that he was arrested by police officers of co-defendant Willingboro Municipality. (*Id.* p.2.) He was transported to co-defendant Virtua Hospital after refusing to have his temperature taken at Burlington County Jail. (*Id.*) He claims that he was subjected to handcuffs that hurt his wrists, thumb-bend torture, verbal threats, blows to the head, and two broken ribs, among other violative actions. (*Id.* pp.2, 3.)

     2.    Plaintiff applied to proceed *in forma pauperis*. (ECF No. 7.) District Judge Robert B. Kugler (Ret.) granted plaintiff's application and directed the Clerk's Office to issue summons and service to be effectuated by the United States Marshals Service. (ECF No. 10.) USM 285 forms were transmitted to plaintiff via regular mail. (ECF No. 11.)

     3.    Several months later, on February 2, 2023, Judge Kugler entered a notice for dismissal premised on plaintiff's failure to effectuate service. (ECF No. 12.) On February 28, 2023, Judge Kugler dismissed plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4(m) and Local Civil Rule 41.1(a). (ECF No. 13.)

     4.    The case sat closed for nearly 18 months until, on August 20, 2024, plaintiff sent an email to ECF Helpdesk addressed to Judge Kugler seeking to

demonstrate good cause pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 15.) Plaintiff explained that he suffered a traumatic injury in May 2022, did not receive mail from the Court, and was without housing for several months. (*Id.*) He assured that he would "expeditiously get the forms filled out for the US Marshal[]s to serve the complaint and returned to this court if they could be mailed out to [him] at [his] home." (*Id.*)

5. The case was reassigned to me on August 21, 2024. On September 3, 2024, I entered a text order directing the Clerk's Office to mail two USMS 285 forms to the address provided by plaintiff and granting plaintiff a discretionary 30 additional days to effectuate service. (ECF No. 16.) I advised plaintiff of his obligation to complete and return the forms. (*Id.*)

6. Plaintiff has yet to file proof of service on the docket. The Court has also contacted the United States Marshals Service, which has confirmed that it has not received returned USMS 285 forms from plaintiff.

7. If a defendant has not been served within 90 days of the filing of a complaint, a court must—in response to a motion or *sua sponte* after notice to the plaintiff—either dismiss the action without prejudice or extend the time for service upon a showing of good cause. Fed. R. Civ. P. 4(m). Courts determine whether to extend the time for service by first determining whether good cause exists and, if so, providing an extension. *Davis v. Samuels*, 962 F.3d 105, 116 (3d Cir. 2020). If good cause does not exist, a court may still decide within its discretion to provide an extension. *Id.* Whether the statute of limitations has run on a plaintiff's claim is a factor a district court may consider if good cause is not shown, but the court nonetheless "retains discretion to refuse to extend time, even if the statute of limitations has run." *Pfeifer v. N.J. Re-Ins. Co.*, 304 F.R.D. 478, 479–80 (D.N.J. 2015) (quoting *Boley v. Kaymark*, 123 F.3d 756, 759 (3d Cir. 1997)) (declining to provide an extension when the defendant was served three months after the Rule 4(m) period).

8. Here, plaintiff filed his complaint nearly 30 months ago and was first transmitted USMS 285 forms a full two years ago. (ECF Nos. 1, 11.) Service has not yet been effectuated. I responded to plaintiff's extremely belated attempt to show good cause by providing a 30-day extension to effectuate service. (ECF No. 16.) This extension was provided in recognition that plaintiff's claims may otherwise be barred upon dismissal without prejudice.[1]

---

[1] Section 1983 does not have a statute of limitations of its own, but rather uses the personal-injury statute of limitations of the state in which the claim arose. *Hernandez v. Montoya*, 636 F. Supp. 3d 511, 516–17 (D.N.J. 2022). In New Jersey, that period is two years. *Id.* at 517.

Despite being permitted to proceed *in forma pauperis* and being provided additional USMS 285 forms, plaintiff has not even completed the basic steps of filling out the forms and returning them to the United States Marshals Service. This despite my instruction that he complete and return the forms. (*Id.*) Plaintiff's *in forma pauperis* status may provide him the benefit of service by United States Marshals, but it does not completely relieve him of responsibilities in effectuating service. *See Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) ("While *IFP* status confers an entitlement to issuance and service of process, the plaintiff must provide sufficient information for the court to do so." (citations omitted)).

Accordingly,

**IT IS** on this **8th** day of **October 2024** **ORDERED** that:

1. Plaintiff's complaint (ECF No. 1) is dismissed without prejudice for failure to effectuate service pursuant to Federal Rule of Civil Procedure 4(m).

2. The Clerk is directed to mail a copy of this order to plaintiff's address of record and mark this case CLOSED.

                                                   */s/ Edward S. Kiel*
                                                   **EDWARD S. KIEL**
                                                   **UNITED STATES DISTRICT JUDGE**